# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00176-MR
# [CRIMINAL CASE NO. 1:11-cr-00057-MR-DLH-1]

LAWRENCE SALVATORE HUTSON, )
)
Petitioner, )
) **MEMORANDUM OF**
vs. ) **DECISION AND ORDER**
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____ )

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court dismisses the petition.

## PROCEDURAL HISTORY

On January 30, 2012, *pro se* Petitioner Lawrence Salvatore Hutson pleaded guilty in this Court, pursuant to a written plea agreement, to knowingly receiving or distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2). [Criminal Case No. 1-11-cr-57-MR-DLH-1 ("CR"), Doc. 20 at 2: Acceptance and Entry of Guilty Plea; Doc. 13: Plea Agreement].

In preparation for Petitioner's sentencing hearing, the probation office prepared a presentence investigation report ("PSR"), calculating a total offense level of 42, and a criminal history category of I, which yielded an advisory sentencing guidelines range of 360 months to life. [CR Doc. 40 at ¶ 81: PSR]. The PSR further noted, however, that because Petitioner faced a term of imprisonment of not less than 15 years and not more than 40 years under 18 U.S.C. § 2252A(b)(1), the guideline term of imprisonment was 360 to 480 months' imprisonment.[1]  [Id. at ¶¶ 80, 81].

On April 24, 2013, this Court sentenced Petitioner to 432 months' imprisonment, and to a term of supervised release for life. [CR Doc. 42: Judgment]. Judgment was entered on May 1, 2013, and Petitioner did not appeal. [Id.]. Petitioner placed the instant petition in the prison mailing system on June 13, 2016, and it was stamp-filed in this Court on June 17, 2016. [Doc. 1]. In the § 2255 petition, Petitioner contends that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015).

---

[1]  The PSR concluded that Petitioner was subject to the mandatory sentencing range of not less than 15 and not more than 40 years because he had a prior state court conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children" § 2252A(b)(1). [CR Doc. 40 at 26].

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

As noted, judgment was entered against Petitioner on May 1, 2013, and Petitioner did not appeal. His conviction, therefore, became final fourteen days later when the time for filing a notice of appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); Fed. R. App. P. 4(b)(1)(A). Petitioner placed the instant Section 2255 petition in the prison mailing system on June 13, 2016, well more than one year after his conviction became final. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (noting that, under the prison mailbox rule, a prisoner's document is deemed filed on the date it is delivered to prison officials for mailing). Because Petitioner did not file the instant Section 2255 petition within a year of when his conviction became final, his petition is subject to dismissal as untimely under Section 2255(f)(1).

4

Petitioner contends, however, that the petition is timely under Section 2255(f)(3) because it was filed within one year of the Supreme Court's decision in Johnson. [Doc. 1 at 10]. Johnson, however, has no application to Petitioner's conviction and sentence. In Johnson, the Supreme Court held that the residual clause of the definition of "violent felony" set forth in the Armed Career Criminal Act ("ACCA") is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. Here, Petitioner was convicted of knowingly receiving or distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2). Petitioner was not convicted under the ACCA, nor was his sentence enhanced due to the existence of any prior "violent felony" convictions. The Supreme Court's ruling in Johnson is therefore wholly inapplicable to Petitioner's conviction and sentence for knowingly receiving or distributing child pornography under 18 U.S.C. § 2252(a)(2).

## CONCLUSION

For the reasons stated herein, the Court will dismiss the Section 2255 petition.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find

5

the district court's assessment of the constitutional claims debatable or wrong") (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).  As a result, the Court declines to issue a certificate of appealability.  <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: August 19, 2016

Martin Reidinger
United States District Judge