# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:11-cr-00057-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| LAWRENCE SALVATORE HUTSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Sentence Reduction Pursuant [to] 18 U.S.C. § 3582(c)(2)" [Doc. 52].

The Defendant pleaded guilty pursuant to a written plea agreement to one count of distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2). [Docs. 1, 13]. The Defendant was sentenced on April 24, 2013 to a term of 432 months' imprisonment. [Doc. 42]. The Defendant did not file a direct appeal. On June 17, 2016, the Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 50]. The Court denied the Defendant's motion to vacate on August 19, 2016 and denied a certificate of appealability. [Doc. 51].

On September 27, 2016, the Defendant filed the present motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment

801 of the United States Sentencing Guidelines, which became effective on November 1, 2016. [Doc. 52].

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may modify a term of imprisonment where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Amendment 801, however, does not lower the sentence range applicable to the Defendant. Further, the Sentencing Guidelines Manual does not specify Amendment 801 as a retroactively applicable amendment. See U.S.S.G. § 1B1.10(d) (2016).

Even assuming that Amendment 801 could be applied retroactively, however, it would not affect the Defendant's sentence. Amendment 801 revises U.S.S.G. § 2G2.2(b)(3)(B) and the accompanying commentary to clarify that a five-level enhancement should apply "if the defendant distributed [child pornography] in exchange for any valuable consideration." See U.S.S.G. app. C, amend. 801, at 145. The Amendment further explains in the application note that this means "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic

2

material, preferential access to child pornographic material, or access to a child." Id. The Amendment was intended to resolve differences among the circuit courts in applying the five-level enhancement by clarifying that the distribution was knowingly made, particularly where the case involved a file-sharing program or network. Id. Here, the PSR is replete with indications that the Defendant knowingly distributed child pornography for the specific purpose of obtaining valuable consideration from others. [Doc. 40 at 3-8]. Thus, Amendment 801 is of no benefit to the Defendant in this case.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Sentence Reduction Pursuant [to] 18 U.S.C. § 3582(c)(2)" [Doc. 52] is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 21, 2016

Martin Reidinger
United States District Judge